UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**HERBERT HACKETT**                                                                                          **PLAINTIFF**

v.                                        **CASE NO. 4:08-CV-02518 BSM**

**VINCO, INC.**                                                                                                  **DEFENDANT**

## ORDER

Before the court is plaintiff Herbert Hackett's motion for default judgment. Hackett, a *pro se* plaintiff, filed his Title VII complaint on September 15, 2008. The following day, the court directed the United States Marshal to serve a copy of the complaint and summons on defendant Vinco, Inc. ("Vinco"), as Hackett was granted *in forma pauperis* status. On December 1, 2008, the summons was returned executed and the return receipt was signed by Carrie Anderson at 1400 East 28th St., Little Rock, Arkansas 72206, which was the address provided to the court in the complaint.

On January 20, 2009, Hackett filed his motion for Clerk's default. The Clerk's entry of default was entered on February 5, 2009. Hackett filed his motion for default judgment on February 17, 2009, requesting that the court award him $1,000,000.00. On February 20, 2009, the court issued an order setting the case for a hearing on March 9, 2009, at 10:00 a.m. because the court could not determine the appropriate amount of damages or whether the request for damages was adequately supported.

On March 4, 2009, defendant Vinco filed an answer and response to the motion for default judgment. In their response to the motion for default judgment, Vinco asserts that

it was not properly served, as its Little Rock office was closed in February 2008. Vinco also notes that Hackett used Vinco's corporate headquarters address in Forest Lake, Minnesota when applying for unemployment compensation and when filing his Equal Employment Opportunity Commission charge of discrimination, but used Vinco's former Little Rock, Arkansas office address (neither the address for its registered agent nor its corporate address) for this litigation. Vinco states that Carrie Anderson, a part-time employee, is not an officer, managing or general agent, or any other agent authorized by Vinco to receive service of process. Further, Vinco states that its officers and management only became aware of the litigation "a few days ago." Vinco submits the affidavit of Colleen Kotrba, Vinco's President, in support of their response.

Federal Rule of Civil Procedure 4(h) requires that a domestic corporation be served by: (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or (2) "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h) (referencing Fed. R. Civ. P. 4(e)(1)). Arkansas Rule of Civil Procedure 4(d)(5) provides that a domestic corporation may be served "by delivering a copy of the summons and complaint to an officer, partner other than a limited partner, managing or general agent, or any agent authorized by appointment or by law

to receive service of summons." Both the record and the affidavit demonstrate that Anderson was not a proper person upon whom service could be made in order to confer jurisdiction on Vinco.

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b). As stated at the hearing on the motion for default judgment, based upon the current record, the court declines to enter a default judgment. Furthermore, for good cause shown, the court sets aside the Clerk's entry of default.

Federal Rule of Civil Procedure 4(m) provides in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

In 1993, this Rule was amended to increase "a district court's discretion to extend the 120-day time period by authorizing the court 'to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.'" *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996) (citing Rule 4 Advisory Committee Notes (1993)). "Thus, under Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service." *Id*. "If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." *Id*.

The Advisory Committee Notes also state that a permissive extension "may be justified, for example, if the applicable statute of limitations would bar the refiled action." Fed. R. Civ. P. 4 advisory committee's note (1993). "The district court should also take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Id.* "However, 'the running of the statute of limitations does not require the district court to extend time for service of process.'" *Id.* (citing *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1306 (3d Cir. 1995)).

Here, plaintiff is proceeding *pro se*, and the statute of limitations on Hackett's Title VII claim appears to have expired. *See* 42 U.S.C. § 2000e-5(f)(1). Furthermore, although plaintiff provided the incorrect information to the court, the court directed the United States Marshal to serve the complaint and summons in this case due to Hackett's *in forma pauperis* status. The court extends the time to effect service of process on defendant Vinco by sixty (60) days. Typically, the court would give plaintiff a certain amount of time to provide the court with the appropriate information to effect service of process. Due to Hackett's *in forma pauperis* status, however, the court will serve the complaint and summons. Thus, after the hearing, defendant's counsel provided the court information by which to effect service of process. Therefore, the court will direct the United States Marshal to serve Colleen Kotrba, President of Vinco, Inc., P.O. Box 907, Forest Lake, MN 55025.

Accordingly, plaintiff's motion for default judgment (Doc. No. 21) is denied. The court sets aside the Clerk's entry of default (Doc. No. 18). The court extends the time to

effect service of process on defendant Vinco by sixty (60) days. The Clerk's Office is directed to prepare the summons. Pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, the United States Marshal is directed to serve a copy of the complaint and summons on the defendant Colleen Kotrba, President of Vinco, Inc., P.O. Box 907, Forest Lake, MN 55025, without prepayment of fees and costs or security therefor.

IT IS SO ORDERED this 10th day of March, 2009.

_____
UNITED STATES DISTRICT JUDGE