## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**HERBERT HACKETT**                                                                          **PLAINTIFF**

**v.**                    **CASE NO. 4:08-CV-02518 BSM**

**VINCO, INC.**                                                                              **DEFENDANT**

### ORDER

Before the court are defendant Vinco, Inc.'s motion to dismiss and plaintiff Herbert Hackett's motion to appoint counsel. For the reason set forth below, Hackett's complaint is hereby dismissed and his motion for the appointment of counsel is denied.

### I. MOTION TO DISMISS

The motion to dismiss by defendant Vinco, Inc. is granted and its request for attorney's fees is denied. Vinco moves to dismiss this case and to award attorney's fees pursuant to Federal Rules of Civil Procedure 37(b) and 41(b) for failure to comply with the court's order dated June 25, 2009. On June 25, 2009, the court granted Vinco's motion to compel and ordered plaintiff Herbert Hackett ("Hackett") to provide Vinco with complete responses to the March 20, 2009, discovery requests on or before July 8, 2009. The court cautioned Hackett that if he failed to comply with the order, the case would be dismissed, which would likely bar his Title VII claims due to the applicable statutory time limitations.

Vinco submits the affidavit of Vinco's counsel stating that on July 6, 2009, Vinco received a document from plaintiff stating that the majority of his legal papers had been misplaced, but he would continue to search for them. On July 9, 2009, Vinco received

plaintiff's response to discovery request responses, which appears to be responses to Vinco's requests for production of documents. Vinco states that as of July 16, 2009, it has not received responses to its interrogatories propounded upon Hackett four months ago.

The court has repeatedly ordered Hackett to comply with the Federal Rules of Civil Procedure. Additionally, the court cautioned Hackett that it would dismiss his case if he failed to comply with the court's order and he has still failed to comply. For these reasons, the complaint is hereby dismissed without prejudice.

## II.  MOTION TO APPOINT COUNSEL

Hackett's motion for the appointment of counsel is denied. Hackett filed his first motion to appoint counsel on September 15, 2008, which the undersigned referred to United States Magistrate Judge Jerry W. Cavaneau. On November 4, 2008, Magistrate Judge Cavaneau denied the motion without prejudice to his right to renew the request as the case progresses, stating:

> Although it is difficult at this early stage of the proceedings to evaluate the merits of Plaintiff's claims, the case appears straightforward and not complex. He has competently represented himself thus far and has been able to communicate his concerns to the Court and to clearly articulate the facts underlying his claims. He should be fully capable of responding to any motions by Defendant, complying with procedural rules, participating in discovery, and, if necessary, presenting his claim in a court trial. Although Plaintiff states he has called three law offices, it appears that he has talked with only one attorney. He should follow up with those offices and attempt to discuss the merits of his claims with an attorney. In doing so, he may be able to obtain legal assistance without the necessity of court intervention.

Hackett again requests that the court appoint counsel for him.  He states that he has "made numerous attempts to seek counsel, but doesn't understand why he has been ignored." He specifically states that two attorneys in particular have not returned his phone calls, legal aid told him that they could not help him, and other attorneys wanted a retainer fee.

In response, Vinco states that it has no reason to believe Hackett has any concerns regarding his ability to prosecute his claim or his confusion with the law, as he stated in a letter to Vinco's counsel that he wanted to defeat Vinco "in front of a jury without a lawyer." Vinco also states that in response to its motion to dismiss for Hackett's failure to comply with the court's order directing him to respond to Vinco's discovery requests, Hackett asked the court for additional time to find counsel.  That same day, Hackett filed his motion to appoint counsel stating that he has made numerous attempts to find counsel and could not do so. Vinco asserts that the motion should be denied because Hackett's efforts to secure counsel are not clear, his claims have no merit, and Hackett has the capacity to prepare and present his case without the aid of counsel.

Although the court sympathizes with Hackett and understands his confusion as to why counsel ignores his phone calls and will not accept his case, these are not compelling reasons to appoint counsel.  Hackett has not shown that the issues in this case are too difficult for him to handle pro se.  Further, the fact that no lawyer will take Hackett's case indicates to the court that Hackett will have difficulty proving his case on the merits.  For these reasons, the motion for appointment of counsel is denied.

Accordingly, defendant Vinco, Inc.'s motion to dismiss (Doc. No. 64) is granted and its request for attorney's fees is denied; and plaintiff Herbert Hackett's motion to appoint counsel(Doc. No. 33) is denied.  The complaint is dismissed without prejudice.

IT IS SO ORDERED this 11th day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE